**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| J.H., | : | Civil Action No. 24-6502 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff J.H. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability starting on June 16, 2021. A hearing was held before ALJ Stephen Marchioro (the "ALJ") on August 18, 2023, and the ALJ issued an unfavorable decision on August 28, 2023. Plaintiff sought review of the unfavorable decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 28, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with certain nonexertional limitations.[1] At step four, the ALJ also found that Plaintiff retained the residual functional capacity to perform his past relevant work as a cook helper. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes a few arguments on appeal, but they all are challenges to the adequacy of the ALJ's discussion of the medical evidence at step four. Plaintiff argues that: 1) the step four discussion does not comply with the requirements of 20 C.F.R. § 404.1520c(c); 2) at step four, the ALJ impermissibly "cherry-picked" the opinions of the state agency physicians (Pl.'s Br. at 15); and 3) the step four discussion fails to comply with SSR 96-8p because the ALJ did not explain why "simple, repetitive work" was not included in the RFC.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the

---

[1] "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to work that has no more than occasional changes in the work setting; would be precluded from work that has a production rate pace such as assembly line work; limited to jobs that would have only occasional interaction with coworkers and supervisors; limited to jobs that do not involve any interaction with the public." (Tr. 19.)

2

burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's case on appeal does not meet the requirements of Shinseki: Plaintiff makes no showing that, but for the alleged errors at step four, he might have proven his disability, pointing to specific evidence of record in support. Plaintiff contends only that the record would have supported an additional nonexertional limitation to the residual functional capacity determination, a limitation to "simple, repetitive work." Plaintiff makes no case that, had this limitation been included in the RFC, the ultimate conclusion of no disability would have been different. At step four, the ALJ determined that Plaintiff retained the residual functional capacity to perform his past work as a cook helper, an unskilled job. (Tr. 22.) At step five, based on the testimony of a vocational expert, the ALJ determined that Plaintiff could work as a laundry

3

worker and small parts assembler. (Tr. 23.) Plaintiff makes no case that a limitation to "simple, repetitive work" would have ruled out employment as a laundry worker and small parts assembler. Plaintiff has failed to make any demonstration that the absence of the proposed limitation from the RFC affected the ultimate outcome in a way harmful to him.

Instead, Plaintiff relies on the argument that the step four discussion failed to comply with SSR 96-8p, which states: "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Plaintiff contends that Dr. Stephenson's opinion contradicts Dr. Dennis' opinion on the subject of a limitation to simple work. The evidence of record does not support Plaintiff's contention that these experts expressed contradictory opinions, or that either one conflicts with the RFC:

- o  Dr. Dennis wrote: "He would fair best with work which would not overwhelm, very simple and repetitive with minimal interaction with others." (Tr. 69.)

- o  Dr. Stephenson wrote:

    CLAIMANT RETAINS THE ABILITY TO UNDERSTAND, REMEMBER AND CARRY OUT WORK-RELATED TASKS THAT CAN BE LEARNED IN 1-3 MONTHS IN A WORK-SETTING WITH REDUCED INTERPERSONAL CONTACT. THERE ARE NO SIGNIFICANT WORK-RELATED LIMITATIONS IN THE ABILITY TO SUSTAIN CONCENTRATION/PERSISTENCE/PACE OR OTHERWISE ADAPT TO THE REQUIREMENTS OF A NORMAL WORK SETTING. (Tr. 60.)

To start with, Plaintiff overlooks the key difference between the two opinions: Dr. Dennis opined about the work that Plaintiff would do best with, while Dr. Stevenson opined about Plaintiff's ability to work. The two opinions are different but are not contradictory. Plaintiff has failed to persuade the Court that the record contains a contradiction such that the ALJ failed to comply with SSR 96-8p. Nor has Plaintiff persuaded the Court that Dr. Dennis' assessment conflicts

4

with the RFC determination.  Moreover, as already explained, Plaintiff has made no demonstration that he was harmed by any error.

At step four, the ALJ considered and discussed the opinions of Drs. Dennis and Stephenson, as well as the opinion of consultative examiner Dr. Rhodes.  Dr. Rhodes opined that Plaintiff "had no limitation to his cognitive abilities" and that working outside the home would be beneficial to him.  (Tr. 381.)   The RFC determination at step four is supported by substantial evidence.  Plaintiff has failed to persuade the Court that the ALJ erred in any way that harmed him.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors.  Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in his favor, and has made no demonstration of prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                      s/ Stanley R. Chesler
                                                                 STANLEY R. CHESLER, U.S.D.J.

Dated: May 21, 2025